UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOHN M. WALTERS o/b/o J. L., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:18-cv-00548-JRS-DLP |
| | ) |
| ANDREW M. SAUL, Commissioner of the Social Security Administration,[1] | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on Defendant, Andrew M. Saul, the Commissioner of the Social Security Administration's Motion to Dismiss for Failure to State a Claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [ECF No. 6.]

## I.
### BACKGROUND

On July 15, 2014, Plaintiff John M. Walters filed an application with the Social Security Administration (the "SSA") for child's insurance benefits under Title II of the Social Security Act on behalf of a minor, J.L. [ECF No. 7-1 at 7-8 (Mr. Walters was a custodial parent of J.L. at the time of the application.).] The application was

---

[1] When the Commissioner of the Social Security Administration is named as a party to a suit in an official capacity, the officer's successor is automatically substituted as a party. Fed. R. Civ. P. 25(d) ("Public Officers; Death or Separation from Office. An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party.")

initially denied on September 2, 2014, and upon reconsideration on February 4, 2015. [ECF No. 7-1 at 7.] Mr. Walters requested a hearing on April 8, 2015. [ECF No. 7-1 at 7.] A hearing was conducted by an Administrative Law Judge ("ALJ") on September 12, 2016. [ECF No. 7-1 at 7.] The ALJ issued an unfavorable decision on September 28, 2016, concluding that Mr. Walters was not entitled to benefits on behalf of J.L. [ECF No. 7-1 at 10.] Following appeal, the Appeals Council denied review on September 15, 2017. [ECF No. 7-1 at 3.]

On October 6, 2017, a timely civil action was filed with the Court seeking judicial review pursuant to 42 U.S.C. § 405(g). [ECF No. 7-1 at 3 (Walters v. Saul, 2:17-cv-466-WTL-MJD).] On February 13, 2018, the Honorable District Judge William T. Lawrence granted the Commissioner's motion to remand the case pursuant to the sixth sentence of 42 U.S.C. § 405(g). [ECF No. 7-1 at 11 (The Court provided instructions that "[u]pon receipt of the court order, the Appeals Council will remand the case to an Administrative Law Judge for reconstruction of the administrative record and to hold another hearing and issue a new decision.").]

On March 27, 2018, the Appeals Council issued an order that vacated the final decision of the Commissioner and remanded the case for further administrative proceedings in accordance with the Court's order and pursuant to statute. [ECF No. 7-1 at 14-15 (The Appeals Council explained that "[t]he record upon which the Administrative Law Judge based the decision dated September 28, 2016 could not be located. Extensive efforts to locate the record have been unsuccessful and the Council

has been unable [to] redevelop the evidence. Accordingly, remand is warranted for reconstruction of the record.").]²

On December 18, 2018, Mr. Walters, proceeding *pro se*, filed the instant action against the Commissioner alleging a violation of federal law pursuant to 28 U.S.C. § 1331. [ECF No. 1.] Mr. Walters reports that the SSA informed him that his case was "still under review" with an ALJ, "however I believe that enough time has passed." [ECF No. 1 at 1.] Mr. Walters requests "that the Court reverses it's original motion, and to vacate its original motion to send this back to the lower court, and to set a trial date to [hear] this case in Federal Court and allow the Plaintiff to have his day in court." [ECF No. 1 at 2.] The relief Mr. Walters seeks is the disability benefits sought in his application to the SSA, including approximately $138,600 in a back-pay award according to Mr. Walters's calculations. [ECF No. 1 at 2.]

On February 11, 2019, the Commissioner filed a motion to dismiss the instant action "because it duplicates the plaintiff's pending case filed in October 2017 and therefore fails to state a claim upon which relief may be granted under governing statute and case law." [ECF No. 6.]

## II.
### DISCUSSION

The Court grants the Commissioner's motion to dismiss. While the Court sympathizes with Mr. Walters that a significant amount of time has passed since he filed his application with the SSA and the agency's failure to keep or locate the

---

² On January 16, 2019, the Commissioner declared under penalty of perjury that "[t]he case is currently pending at the hearing level." [ECF No. 7-1 at 3.]
3

administrative record has contributed to further delay, the Court is not able to provide the relief that Mr. Walters seeks under federal law. "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell,* 463 U.S. 206, 212 (1983).

Based on the clear expression of intent by Congress, the Court is not able to provide relief under 28 U.S.C. § 1331. "No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter [Title II of the Social Security Act]." 42 U.S.C. § 405(h). The Supreme Court has held, "[o]n its face, this provision bars district court federal-question jurisdiction over suits, such as this one, which seek to recover Social Security benefits." *Weinberger v. Salfi,* 422 U.S. 749, 756-57 (1975).

The exclusive avenue for the remedy sought by Mr. Walters is pursuant to 42 U.S.C § 405(g). The Supreme Court has "held that 42 U.S.C. [§] 405(h) precludes federal-question jurisdiction in an action challenging denial of claimed benefits. The only avenue for judicial review is 42 U.S.C. [§] 405(g), which requires exhaustion of the administrative remedies provided under the Act as a jurisdictional prerequisite." *Mathews v. Eldridge,* 424 U.S. 319, 327 (1976). Because Mr. Walters proceeds *pro se* in this action, the Court will liberally construe his pleading and evaluate potential relief pursuant to 42 U.S.C. § 405(g). *See, e.g., Alvarado v. Litscher,* 267 F.3d 648, 651 (7th Cir. 2001). However, Mr. Walters's claim fairs no better under the Social Security Act (the "Act").

4

There are two different ways the Court could analyze Mr. Walters's case under the Act, but the result is the same. Under either rationale, the Court must conclude that Mr. Walters's case is premature. And further, that dismissal is the appropriate disposition.

For one, as explained above, Mr. Walters has already filed a case with the Court seeking relief under the Act. Mr. Walters has a case assigned to Judge Lawrence. Judge Lawrence ordered remand under sentence six of the Act. "Sentence-six remands may be ordered in only two situations: where the [Commissioner] requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Shalala v. Schaefer*, 509 U.S. 292, 297 n.2 (1993) (citing 42 U.S.C § 405(g) (sentence six); *Melkonyan v. Sullivan,* 501 U.S. 89, 99-100, and n.2 (1991) (additional citations omitted)). Here, the Commissioner moved the Court to remand the case under sentence six—before answering the complaint—because the SSA could not produce the record to defend the case on the merits. "Immediate entry of judgment (as opposed to entry of judgment after post[-]remand agency proceedings have been completed and their results filed with the court) is in fact the principal feature that distinguishes a sentence-four remand from a sentence-six remand." *Shalala,* 509 U.S. at 297 (citing *Melkonyan,* 501 U.S. at 101-02). The Seventh Circuit has explained that "[w]hen a 'sentence four' remand is entered the case is over in the district court, but in the case of a 'sentence six' remand the court can retain jurisdiction." *Richmond v. Chater,* 94 F.3d 263, 268 (7th Cir. 1996) (citing *Shalala,*

509 U.S. at 296-300 (additional citations omitted)). The Circuit explained that the distinction is consistent with "normal judicial practice":

> When an appellate court decides an appeal, the decision ends the case in that court even if the court orders further proceedings to be conducted in the district court. But when the appellate court is unable or unwilling to decide the appeal because of some loose end in the district court (or agency, if it is an administrative appeal), and remands the case to the lower court or the agency to have the loose end tied up, it often will retain jurisdiction so that the consideration of the appeal can resume as soon as the tidying up is completed.

*Richmond*, 94 F.3d at 268 (citing *Jason's Foods, Inc. v. Peter Eckrich & Sons, Inc.*, 768 F.2d 189, 190-91 (7th Cir. 1985); *see, e.g.*, *Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 507 n.2 (7th Cir. 1994); *Jones v. Jones Bros. Construction Corp.*, 879 F.2d 295, 300 (7th Cir. 1989)). "In sentence six cases, the filing period [for attorneys' fees] does not begin until after the post[-]remand proceedings are completed, the [Commissioner] returns to court, the court enters a final judgment, and the appeal period runs." *Melkonyan*, 501 U.S. at 101-02. Absent a final judgment in the case before Judge Lawrence and based on his remand order clearly specifying that the Court was remanding pursuant to sentence six of the Act, the Court cannot conclude that Judge Lawrence has relinquished jurisdiction. In fact, the presumption based on the precedent of the Supreme Court and the Seventh Circuit is that Judge Lawrence has retained jurisdiction to consider the merits of the appeal if the agency

fulfills the Court's order to reconstruct the record and continues to deny the claim for benefits.³

Mr. Walters asks the Court to consider the merits of his appeal. However, to the extent that the Court may have jurisdiction to consider his case under the Act, his case is entirely duplicative of the case he previously filed with the Court. In this situation the Seventh Circuit has explained that "[a]s a general rule, a federal suit may be dismissed 'for reasons of wise judicial administration ... whenever it is duplicative of a parallel action already pending in another federal court." *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (citing *Ridge Gold Standard Liquors v. Joseph E. Seagram,* 572 F. Supp. 1210, 1213 (N.D. Ill. 1983) (additional citations omitted)). "District courts are accorded 'a great deal of latitude and discretion' in determining whether one action is duplicative of another, but generally, a suit is duplicative if the 'claims, parties, and available relief do not significantly differ between the two actions.'" *Serlin,* 3 F.3d 223 (quoting *Ridge Gold,* 572 F. Supp. at 1213). As the Circuit explained:

> The chief reason was best expressed in *Ridge Gold:*
>
> "The irrationality of tolerating duplicative litigation in the federal system is all the more pronounced where, as here, two federal judges sitting on the same district court are ... devoting scarce judicial resources to the adjudication of the same charges by essentially the same plaintiffs against the same defendants."

---

³ For the sake of simplicity and clarity, the Court refers to the initial case, Walters v. Saul, 2:17-cv-466, as Judge Lawrence's case to distinguish it from the instant case within the same district court (which is also captioned the same but with a new case number). However, should the case be reassigned to another district judge, the reassignment would not have any effect on jurisdiction. Or put another away, jurisdiction is rooted in the case itself, not the assigned judge.

7

*Serlin,* 3 F.3d at 224 (quoting *Ridge Gold,* 572 F. Supp. at 1213). Here, the Court concludes that wise judicial administration would best be served by the Court dismissing without prejudice this second, duplicative case that has been filed by Mr. Walters.

The Court need not go any further to decide the Commissioner's motion. However, the Court continues in the interest of giving guidance to Mr. Walters as a *pro se* plaintiff and in an abundance of caution should it have been Judge Lawrence's intention to not retain jurisdiction over the previous case. The Court concludes that until further action is taken by the SSA on remand, any attempt by Mr. Walters to seek resolution of his claim for benefits with the Court is premature. Accordingly, the Court would lack jurisdiction to consider the case.

For the other, Mr. Walters has not exhausted his administrative remedies under the Act. The Supreme Court has held that "the requirement that there be a final decision by the [Commissioner] after a hearing was regarded as 'central to the requisite grant of subject-matter jurisdiction . . . .'" *Mathews,* 424 U.S. at 328 (quoting *Weinberger,* 422 U.S. at 764). While Mr. Walters has received an unfavorable decision that was at one time a final decision, that decision has been vacated by an order of the Court—issued by Judge Lawrence—and recognized in a corresponding order of the Appeals Council on the behalf of the SSA. Until the agency reissues a final decision, the Court lacks subject matter under the Act to consider an appeal seeking benefits.

The Supreme Court has "explained that the exhaustion requirement of § 405(g) consists of a nonwaivable requirement that a 'claim for benefits shall have been presented to the [Commissioner],' and a waivable requirement that the administrative remedies prescribed by the [Commissioner] be pursued fully by the claimant." *Heckler v. Ringer*, 466 U.S. 602, 617 (1984) (quoting *Mathews*, 424 U.S. at 328). There is no dispute that Mr. Walters has fulfilled the first, nonwaivable requirement by presenting his claim for benefits to the agency.

However, Mr. Walters has not fulfilled the second requirement by fully pursuing his claim on remand. Furthermore, the Commissioner has not waived exhaustion. The Supreme Court has "held that the [Commissioner himself] may waive the exhaustion requirement when [he] deems further exhaustion futile." *Heckler*, 466 U.S. at 617-18 (citing *Mathews*, 426 U.S. at 76-77; *Weinberger*, 422 U.S. at 766-67). "We have also recognized that in certain special cases, deference to the [Commissioner's] conclusion as to the utility of pursuing the claim through administrative channels is not always appropriate." *Heckler*, 466 U.S. at 618. The Commissioner has demonstrated a clear intention to attempt resolution of Mr. Walters's claim by ordering remand for further proceedings at the agency level and certifying in this action that those proceedings remain pending. Mr. Walters's prayer for relief is not "wholly 'collateral' to his claim for benefits, … [such that] he [has] made a colorable showing that his injury could not be remedied by the retroactive payment of benefits after exhaustion of his administrative remedies." *Id.* (quoting *Mathews*, 424 U.S. at 330-32). To the contrary, Mr. Walters seeks to be made whole

for the delay in adjudication of his claim by the retroactive payment of benefits. Accordingly, the Court does not find this to be a special case that would warrant not giving deference to the Commissioner as to whether exhaustion would serve a purpose. "Although [Mr. Walters] would clearly prefer an immediate appeal to the District Court rather than the often lengthy administrative review process, exhaustion of administrative remedies is in no sense futile for [him], and [he], therefore, must adhere to the administrative procedure which Congress has established for adjudicating [his claim for child's insurance benefits]." *Heckler*, 466 U.S. at 619. This is especially the case here, where absent the reconstructed record, this Court would suffer the same inability to decide this matter as confronted Judge Lawrence.

## III.
### CONCLUSION

For the reasons stated above, the Court **GRANTS** the Commissioner's Motion to Dismiss. Mr. Walter's complaint and this case is dismissed without prejudice.

Date: 7/1/2019

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JOHN M. WALTERS
2956 South 7th Street
Terre Haute, IN 47802

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov